IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| PHILIP GREENE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 9:25-cv-12658- ) ) DCN    **ORDER** |
| META PLATFORMS, INC., | ) ) |
| Defendant. | ) ) |

The following matter is before the court of defendant Meta Platforms, Inc.'s ("Meta") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), ECF No. 6. For the reasons set forth below, the court grants Meta's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

## I.  BACKGROUND

Meta operates Facebook, a social media website that "allows users to create accounts that are published on its platform to a worldwide audience." ECF No. 1-1, Compl. ¶¶ 2, 5. Meta is a Delaware corporation with its principal place business in Menlo Park, California. Id. ¶ 2; ECF No. 1 ¶ 8. Plaintiff Philip Greene ("Greene") created two Facebook accounts while physically present at his current residence in Charleston, South Carolina. Compl. ¶¶ 1, 3. One was a personal account under his name, and the other was a commercial account under the name "Greeneskingaming". Id. ¶ 5. Through his commercial account, Greene generated upwards of $30,000.00 of monthly income by posting commentary videos and entertainment content to his 1.2 million followers. Id. ¶¶ 5, 10.

1

On or about December 4, 2024, both Greene's personal and commercial Facebook accounts were hacked. Id. ¶ 7. An unauthorized third party compromised the accounts, posted illicit content to the account pages, and redirected income that Greene had generated from his commercial account. Id. The illicit content violated Meta's terms of service, and, though Greene neither posted the illicit content himself nor had control of the accounts at the time it was posted, both of Greene's accounts were suspended by Meta. Id. Even after Greene filed two customer support cases, Meta did not return access to either account to him. Id. ¶ 9. Greene is still unable to access his accounts or the income generated from them. Id. ¶ 10.

Greene originally filed this lawsuit against Meta in the Charleston County Court of Common Pleas on July 1, 2025. ECF No. 1-1, Greene v. Meta Platforms, Inc., No. 2025-CP-1003776 (Charleston Cnty. Ct. C.P. filed July 1, 2025). He asserts causes of action for breach of contract and negligence. Compl. ¶¶ 11–22. Meta removed the lawsuit to this court September 22, 2025. ECF No. 1.

Meta filed its motion to dismiss for lack of personal jurisdiction and failure to state a claim on September 29, 2025. ECF No. 6. Greene responded in opposition on October 15, 2025, ECF No. 10, to which Meta replied on October 22, 2025, ECF No. 11. The court held a hearing on the motion on November 13, 2025. ECF No. 16. As such, the motion are fully briefed and now ripe for the court's review.

## II.  STANDARD

A party may challenge the court's power to exercise personal jurisdiction over it through a motion under Federal Rule of Civil Procedure 12(b)(2). "When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional

question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). However, the plaintiff's burden when confronted with a particular jurisdictional challenge varies depending on the stage of the litigation, the posture of the case, and the evidence before the court. Id.; Grayson v. Anderson, 816 F.3d 262, 268 (4th Cir. 2016); Sec. & Exch. Comm'n v. Receiver for Rex Ventures Grp., LLC, 730 F. App'x 133, 136 (4th Cir. 2018).

When a court rules on a personal jurisdiction issue presented in a pretrial motion prior to holding an evidentiary hearing, "the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." Combs, 886 F.2d at 676. In such circumstances, much like when reviewing motions made pursuant to Rule 12(b)(6), "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Id. "In doing so, however, the court need not 'credit conclusory allegations or draw farfetched inferences.'" Masselli & Lane, PC v. Miller & Schuh, PA, 215 F.3d 1320 (4th Cir. 2000) (unpublished table decision) (quoting Ticketmaster-N.Y., Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994)). "Unlike under Rule 12(b)(6), the court may also consider affidavits submitted by both parties, although it must resolve all factual disputes and draw all reasonable inferences in favor of the party asserting jurisdiction." Hawkins, 935 F.3d at 226.

If the plaintiff's allegations are sufficient to make a prima facie case for personal jurisdiction, the court may deny the Rule 12(b)(2) motion and later revisit the question or

3

defer ruling on the motion until the parties have had the opportunity to develop the factual record. Combs, 886 F.2d at 676; Sneha Media & Ent., LLC v. Associated Broad. Co. P Ltd., 911 F.3d 192, 196–97 (4th Cir. 2018); Mylan Lab'ys Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993). District courts have broad discretion to allow discovery to help resolve personal jurisdiction issues, Mylan Lab'ys, 2 F.3d at 64, and jurisdictional discovery should normally be permitted "[w]hen the Plaintiff's claim does not appear to be frivolous," Cent. Wesleyan Coll. v. W.R. Grace & Co., 143 F.R.D. 628, 644 (D.S.C. 1992), aff'd 6 F.3d 177 (4th Cir. 1993). Yet, "[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 402 (4th Cir. 2003); see also Pandit v. Pandit, 808 F. App'x 179, 183 (4th Cir. 2020) ("Jurisdictional discovery is proper when the plaintiff has alleged sufficient facts to suggest the possible existence of personal jurisdiction."). Moreover, "[a] party is not entitled to discovery that would be futile or otherwise inadequate to establish a sufficient basis for jurisdiction." Seaside Farm, Inc. v. United States, 842 F.3d 853, 860 (4th Cir. 2016). Once the factual record is developed and presented to the court, either at an evidentiary hearing or at trial, the plaintiff has the burden of proving facts supporting jurisdiction by a preponderance of the evidence. Grayson, 816 F.3d at 268.

### III.  DISCUSSION[1]

Under Federal Rule of Civil Procedure 4(k)(1)(A), a federal court may exercise personal jurisdiction over a defendant in the manner provided by state law.  Thus, in evaluating a challenge to personal jurisdiction, the court engages in a two-step analysis. Ellicott Mach. Corp. v. John Holland Party Ltd., 995 F.2d 474, 477 (4th Cir. 1993).  First, it must find that the forum state's long-arm statute authorizes the exercise of jurisdiction under the facts presented.  Id.  Second, if the statute does authorize jurisdiction, then the court must determine if its exercise of personal jurisdiction is consistent with due process. Id.  South Carolina's long-arm statute extends its reach to the outer limits allowed by the Due Process Clause.  Foster v. Arletty 3 Sarl, 278 F.3d 409, 414 (4th Cir. 2002); Cockrell v. Hillerich & Bradsby Co., 611 S.E.2d 505, 508 (S.C. 2005); see S.C. Code Ann. § 36-2-801, et seq.  Consequently, the two-step inquiry compresses into a single question: whether the court's exercise of personal jurisdiction comports with due process.  Maseng v. Lenox Corp., 483 F. Supp. 3d 360, 364–65 (D.S.C. 2020).

Personal jurisdiction over a nonresident defendant can be either specific or general.  Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). General jurisdiction for a corporation exists in a place "in which the corporation is fairly regarded as at home."  Goodyear, 564 U.S. at 924 (2011); see Daimler AG v. Bauman, 571 U.S. 117, 138–39 (2014) (explaining that the inquiry under Goodyear is whether the

---

[1] Meta's motion to dismiss is based on both personal jurisdiction grounds and on failure to state a claim grounds.  ECF No. 6.  Because the court ultimately finds that it lacks personal jurisdiction over Meta in South Carolina, the court does not analyze or rule on the merits of Greene's claims.  See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) ("Personal Jurisdiction is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." (cleaned up) (quoting Emps. Reinsurance Corp. v. Bryant, 299 U.S. 374, 382 (1937)).

corporation's "affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum State"). Thus, "the place of incorporation and principal place of business are paradigm bases for general jurisdiction" for corporations. Daimler, 571 U.S. at 137 (citation and internal quotation marks omitted). General jurisdiction may be exercised even when the suit is unrelated to the defendant's contacts within the forum state. Helicopteros Nacionales de Colom., S.A. v. Hall, 466 U.S. 408, 416 (1984); see S.C. Code Ann. § 36-2-802.

Greene has failed to establish that the court has general jurisdiction over Meta in South Carolina. Meta is incorporated in Delaware and has a principal place of business in Menlo Park, California. See Compl. ¶ 2; ECF No. 1 ¶ 8; see also Romero v. Meta Platforms, Inc., 2024 WL 1554826, at *1 (D.S.C. Mar. 14, 2024) (finding no general jurisdiction because "Meta is a Delaware corporation, with a principal place of business in Menlo Park, California."), report and recommendation adopted, 2024 WL 3466403 (D.S.C. July 19, 2024), aff'd, 2024 WL 5200156 (4th Cir. Dec. 23, 2024). In his response to Meta's motion, Greene does not provide any argument or citation to legal authority concerning general jurisdiction. See ECF No. 10.

In contrast to general jurisdiction, specific jurisdiction may only be exercised when a cause of action is related to the defendant's activities within the forum state. See S.C. Code Ann. § 36-2-803; Helicopteros Nacionales, 466 U.S. at 416. Exercising specific jurisdiction does not comport with due process unless the defendant has purposefully established sufficient "minimum contacts" with the forum state and the exercise of jurisdiction comports with notions of "fair play and substantial justice." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475–76 (1985). A defendant has

minimum contacts with a state when "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  Minimum contacts must be based on "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  Burger King, 471 U.S. at 475.  Upon a showing of the defendant's purposeful availment, the fairness inquiry balances any burden on the defendant against countervailing concerns such as the plaintiff's interest in obtaining relief and the forum state's interest in the controversy.  World-Wide Volkswagen, 444 U.S. at 292.

       The Fourth Circuit applies a three-part test when evaluating the propriety of a court exercising specific jurisdiction: (1) whether the defendant purposely availed itself of the privileges of conducting activities in the forum state and thus invoked the benefits and protections of its laws, (2) whether the plaintiff's claims arise out of or relate to those forum-state activities, and (3) whether the exercise of jurisdiction is constitutionally reasonable.  Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan, 259 F.3d 209, 215–16 (4th Cir. 2001).  "If the plaintiff meets the first two prongs, then the burden shifts to the defendant to show that exercising jurisdiction would be unreasonable." White ex rel. White v. Aetna Life Ins. Co., 519 F. Supp. 3d 253, 259 (W.D.N.C. 2021). The plaintiff must ultimately prevail on all three prongs to show that the exercise of specific jurisdiction over a defendant comports with due process.  Perdue Foods LLC v. BRF S.A., 814 F.3d 185, 189 (4th Cir. 2016).

Greene's complaint contains the following allegations regarding Meta's contacts with South Carolina: (1) Greene created his Facebook accounts in South Carolina, (2) the terms of service accepted by Greene at the time he created his Facebook accounts are the same terms which Meta offers to all South Carolina residents, and (3) Greene formed a contract with Meta in South Carolina by accepted Meta's terms of service.  Compl. ¶ 3.  Additionally, Greene contends that Meta engages in commerce in South Carolina by directing Facebook as a product to the forum and actively soliciting residents to enter into contracts by creating accounts.  ECF No. 10 at 5–8.

Greene's allegations do not demonstrate that Meta has the requisite minimum contacts, and thus he has failed to establish that the court has specific jurisdiction over Meta in South Carolina.  As this court has observed in similar cases, specific jurisdiction over Meta does not lie where there is no evidence that Meta "directed electronic activity into South Carolina by targeting [South Carolina] in particular."  Fletcher v. Facebook, Inc., 2025 WL 714238, at *4 (D.S.C. Feb. 13, 2025), report and recommendation adopted, 2025 WL 713777 (D.S.C. Mar. 5, 2025) (quoting Romero, 2024 WL 1554826, at *4); see also Conrad v. Benson, 2020 WL 4754332, at *4 (D.S.C. Aug. 14, 2020) (finding no specific jurisdiction when the defendant operated a website that was "accessible to all but targeted at no one in particular").  "That Facebook is available to users in South Carolina is not sufficient alone to support the exercise of personal jurisdiction over Meta."  Fletcher, 2025 WL 714238, at *4; see Fidrych v. Marriott Int'l, Inc., 952 F.3d 124, 143 (4th Cir. 2020) ("The general availability of the website to South Carolina residents thus does not create the substantial connection to South Carolina necessary to support the exercise of jurisdiction.").

Greene's argument that the court should look to his actions—entering into a contract with Meta in South Carolina by agreeing to its terms of service while present in the state—to determine personal jurisdiction is legally incorrect.  See Compl.; ECF No. 10.  The personal jurisdiction inquiry analyzes the contacts and actions of the defendant in the forum state, not those of the plaintiff.  Romero, 2024 WL 1554826, at *4 (citing Walden v. Fiore, 571 U.S. 277, 284 (2014)); see ESAB Grp., Inc. v. Centricut, Inc., 126 F.3d 617, 626 (4th Cir. 1997) ("Although the place that the plaintiff feels the alleged injury is plainly relevant to the inquiry, it must ultimately be accompanied by the defendant's own contacts with the state if jurisdiction over the defendant is to be upheld.").

Because Greene has not established that Meta is "at home" in South Carolina or has "minimum contacts" with South Carolina, the court does not have general or specific personal jurisdiction over Meta.  See Goodyear, 564 U.S. at 919.  As such, the court grants Meta's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons the court **GRANTS** Meta's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**February 24, 2026**
**Charleston, South Carolina**